# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JANE FLINT,

                Plaintiff,

v.

THE CITY OF MILWAUKEE,
MILWAUKEE COUNTY,
PHILLIP C. SIMMERT,
PAUL FELICIAN,
KENNETH DAUGHERTY,
JAIMIE HEWITT,
GREGORY COLKER,
DEPUTY JONAS, and
ANDREW MOURTY,

                Defendants.

Case No. 14-CV-333-JPS

### ORDER

Before the Court are the plaintiff's Local Rule 7(h) Expedited Non-Dispositive Motions to: (1) Compel Discovery; and (2) Determine Sufficiency of Admissions (Docket #30, #31), as well as the plaintiff's two motions for leave to file an amended complaint. (Docket #25, #27).

Both Local Rule 7(h) motions were filed on September 29, 2014, and relate to discovery issues with The City of Milwaukee, Detective Phil Simmert, Lieutenant Paul Felician, Officer Kenneth Daugherty, Officer Andrew Moutry, Officer JaImie Hewitt, and Officer Gregory Colker (collectively "the City defendants"). The City defendants filed *untimely*[1] briefs in opposition on October 9, 2014. (Docket #36, #37).

---

[1] A party is required to file a memorandum in opposition to a Civil Local Rule 7(h) Motion "within 7 days of service of the motion, unless otherwise ordered by the Court." Civil L. R. 7(h)(2). An untimely memorandum in opposition is "sufficient cause for the Court to grant the motion." Civil L. R. 7(d).

The plaintiff's first and supplemental motions to amend the complaint were filed on September 10, 2014, and September 23, 2014, respectively. (Docket #25, #27). The City defendants filed a consolidated motion in opposition to the plaintiff's motions on October 1, 2014 (Docket #33), as requested by the Court in an order dated September 26, 2014. (Docket #28). Defendants Milwaukee County and Deputy Sheriff Jonas do not oppose the plaintiff's motions for leave to amend the complaint. (Docket #29).

The Court will grant in part and deny in part the plaintiff's motion to compel discovery, grant the plaintiff's motion to determine sufficiency of admissions, and grant the plaintiff's two motions for leave to amend the complaint, for the reasons that follow.

1.      INTRODUCTION

The plaintiff, Jane Flint ("Flint"), filed suit in this matter on March 25, 2014, pursuant to 42 U.S.C. § 1983. (Docket #1). Flint asserts that the above-named defendants unlawfully searched her residence, seized and "slaughter[ed]…her dogs"[2] and unlawfully detained her in violation of the Fourth and Fourteenth Amendments. (Docket #1 at 1). Milwaukee County and Deputy Jonas filed an answer to her complaint on April 9, 2014. (Docket #8). The City defendants filed an answer on May 5, 2014. (Docket #10).

2.      PLAINTIFF'S DISCOVERY MOTIONS

a.      Motion to Compel Discovery

In the plaintiff's motion to compel discovery, she avers that "[t]he city has given evasive and incomplete response[s] to Plaintiff's first discovery requests." (Docket #30 at 1). The plaintiff requests that the Court order the

---

[2]The plaintiff had four Tibetan Mastiffs, two of which were shot and killed during the events that give rise to this suit. (Docket #1 at 6).

City defendants to: (1) "provide sworn responses to interrogatories in Plaintiff's first written discovery requests"; and (2) provide responses to specific interrogatories that are not "vague and incomplete." *Id.* at 1, 2. More specifically, the plaintiff, as best the Court can tell, is arguing that all of the City defendants need to provide sworn responses to the identical interrogatories the plaintiff submitted to the City defendants. And, those sworn interrogatories need to provide answers that do not simply point to business records (i.e., police reports). *Id.* at 2-4.

The City defendants, in their brief in opposition, essentially admit that perhaps the interrogatories have not been correctly sworn to, at this time. (Docket #36 at 1-2).[3] However, the City defendants deny that the answers given are vague and incomplete. *Id.* at 3-4. As an additional defense, the City defendants argue that, "Flint's counsel complained [to them] only that the interrogatory [sic] were not separately signed by each officer" and not that the answers were vague and incomplete, thus "this part of Flint's motion should be denied for failing to fulfill the meet-and-confer requirement of Civil L. R. 37." *Id.* at 3.

The Court "has broad discretion when reviewing a discovery dispute and 'should independently determine the proper course of discovery based on the arguments of the parties.'" *Mirbeau of Geneva Lake LLC v. City of Geneva*, No. 08-CV-693, 2009 WL 3347101 at *2 (E.D. Wis. Oct. 15, 2009)

---

[3]The City defendant's brief states "[i]t may be that pursuant [sic] Fed. R. Civ. P. 33(b)(3), the response on behalf of the city must be verified." (Docket #36 at 2) (citation omitted). And, as to the "interrogatories by the defendant officers," the brief states that "[c]ounsel for the defendant officers has offered to obtain the equivalent of this assent by obtaining separate signatures from each officer no later than by the time of their depositions." *Id.*

(quoting *Gile v. United Airlines Inc.*, 95 F.2d 492, 496 (7th Cir. 1996)). Before this Court will step in to remedy discovery disputes, however, the party seeking to compel discovery must comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37. The former states that a party moving to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The latter states that all motions must be accompanied by a written statement that "after personal consultation with the party adverse to the motion and after sincere attempts to resolve their difference, the parties are unable to reach an accord"; that statement must also include dates and times of those consultations and the parties present. Civil L. R. 37.

At the outset, then, the plaintiff's request to remedy the City defendants' "vague and incomplete" responses to interrogatories will be denied for failure to comply with the aforementioned rules. As the City defendants note, the plaintiff has failed to comply with Local Rule 37; namely, nowhere in plaintiff's attorney's declaration (Docket #32) does she indicate she has even raised the "vague and incomplete" responses to her interrogatories with the City defendants, much less had a "personal consultation" with the City defendants in an attempt to remedy this discovery dispute. The Court reminds the parties that "discovery is supposed to be self-executing" and this Court "cannot be expected to be cast in the role of babysitter at the slightest discovery problem." *Mirbeau of Geneva Lake LLC*, 2009 WL 3347101 at *17.

The plaintiff's request "that the City be ordered, at a bare minimum, to provide sworn interrogatory responses in a timely manner," on the other hand, will be granted. The Court finds that the plaintiff has met the requirements of Local Rule 37 (and Federal Rule of Civil Procedure 37(a)(1)), based on the communications and meetings outlined in Attorney Farrell's Declaration (Docket #32); the City defendants appear to concede as much by failing to argue otherwise. As the City defendants note in their own brief, "[i]f identical interrogatories are submitted to several parties, they may designate one of their number to answer, *provided that they agree on the record that all are bound by the answers.*" 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2172 (3d ed. 2012) (emphasis added). While the City defendants acknowledge this requirement, and their own failure to comply after repeated requests by the plaintiff to do so, they have "offered to obtain the equivalent of this assent by obtaining separate signatures from each officer no later than by the time of their depositions." (Docket #36 at 2). This delay appears to arise from, *inter alia*, the City defendants' attorney questioning "why…absence of compliance with this requirement [is] important," and, more generally, the amorphous reason that the attorney has "other obligations in the interim." (Docket #32-5 at 1).

Having reviewed all of the evidence, it appears that the City defendants know the rules and admit that they must play by them, but seem, for reasons unclear, reticent to do so in a timely fashion. The result of the City defendants conduct then, is the instant playground kerfuffle; the Court expects, quite reasonably and rightly so, that disputes of this nature should not need Court intervention. Having failed to resolve the dispute in the first instance, however, the Court will now grant the plaintiff's motion and order

the City defendants to provide documentation that all City defendants have agreed, on the record, to be bound by the answers submitted to the plaintiff; the City defendants shall do so within seven (7) days of the entry of this order.

a. Motion to Determine the Sufficiency of Admissions

The plaintiff's second motion, as noted above, requests that the Court determine the sufficiency of the City defendants' admissions. (Docket #31) In particular, the plaintiff points to numerous instances (63 by the City defendants' own admission) where the response to a request for admission begins with statement: "[u]nable to admit or deny. The lawsuit remains in the early stages of discovery." *Id.* at 2; (*See also* Docket #37). Following that language, the responses vary, only slightly, either stating "a review of the available reports does not reveal that this took place" or that "a review of the report of Detective Simmert of May 14, 2010, does not reveal a recounting of this statement." *Id.* at 2.

The plaintiff asserts that the City defendants' answers above are legally insufficient because, in formulating those responses, the City defendants failed to make a "reasonable inquiry" as required by Federal Rule of Civil Procedure 36(a)(4). The plaintiff argues that the City defendants' review of available reports (or, in some instances, just one report) is not sufficient to show a "reasonable inquiry." (Docket #31 at 3). Instead, the plaintiff argues, the City defendants must also use readily available information, "including interviewing the defendant officers." *Id.* The plaintiff states, further, that the City defendants have been given "ample opportunity to amend their responses" and are on notice that the plaintiff finds them insufficient. *Id.* at 3, 4. Against that backdrop, then, the plaintiff asserts that

the "proper result in this case would be an order deeming the improperly responded to requests for admissions admitted." *Id.* at 4.

The City defendants, not surprisingly, ask that the Court conclude that they did make a reasonable inquiry. (Docket #37 at 1). However, in support of this contention, the City defendants cite not one case in support of their position; instead, the City defendants offer the following explanation:

> In essence, for many of these requests the City Defendants properly could not either admit or deny the truth of the request because the proposed facts had not been memorialized in police reports from 2010, witnesses now likely have faded or conflicting memories, in a number of instances witnesses are not defendants or city employees, and not even the officers, much less any citizen witness, have been deposed.

*Id.* The City defendants' brief, to be sure, delves into further detail about "several discrete groups" of requests and offers further explanation, *id.*; however, at bottom, the City defendants' position is summarized, *in toto*, by the paragraph quoted above.

Requests for admissions are governed by Federal Rule of Civil Procedure 36. "A party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either, and the genuineness of any described documents." *Fazal v. Advanced Tabco*, No. 09-CV-1116, 2010 WL 4363376 at *2 (E.D. Wis. Oct. 22, 2010) (citing Fed. R. Civ. P. 36(a)(1)). A party must respond to such requests by admitting the request, denying it, or stating that the party is unable to admit or deny the request. Fed. R. Civ. P. 36(a)(4). A party may fail to admit or deny a request "only if the party states that it has made reasonable inquiry and that the information

it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

The purpose of Rule 36 admissions is to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981). Given the purpose of the rule, a litigant's obligation to make a reasonable inquiry is not "a mere semantic exercise," *id.* at 1245[4]; a party must "ascertain the truth if the ability to do so is 'reasonably within his power.'" *Johnson International Co. v. Jackson Nat'l Life Ins. Co.*, 812 F.Supp 966, 987 (D. Neb. 1993) (quoting 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2261 (3d ed. 2012)). A reasonable inquiry "includes an investigation and inquiry of employees, agents, and others, 'who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response'…The operative words then are 'reasonable' and 'due diligence.'" *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006) (quoting *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003)).

If a party makes a reasonable inquiry and still "cannot truthfully admit or deny the matter," it must, in its response, "set forth *in detail* the reasons why this is so." 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2261 (3d ed. 2012) (emphasis added). If a party fails to answer requests for admissions in compliance with Rule 36(a)(4), a court "may order

---

[4]*See also A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006) ("Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play.") (quoting *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936-37 (9th Cir. 1994)).

either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

In the case at hand, the City defendants have responded to the plaintiff's requests for admission by asserting an inability to admit or deny the matter 63 times (out of 123 requests); or, just over 50% of the time. (Docket #37). While the City defendants have asked the Court to conclude "that the City [d]efendants did make [a] reasonable inquiry," the Court declines to do so.

The City defendants have offered nothing other than speculation and conjecture, instead of detailed reasons why they are unable to admit or deny the plaintiff's requests. (*See generally* Docket #37) (concluding but not proving, for example, that "memories are not fresh," or an officer has "faded memories," or "memory about these unrecorded matters is certainly not fresh"). The City defendants offer no indication that any of the officers have been interviewed and have personally cited "faded memories." This kind of inchoate inquiry is antithetical to the purposes underlying Rule 36. And, moreover, conclusions and conjecture do not meet the requirement that the party describe "in detail" why they are unable to admit or deny the request.

Second, the City defendants appear to believe that reviewing existing police reports is sufficient to constitute a reasonable inquiry; or, stated another way, that the absence of details in existing reports alleviates any obligation to inquire further. Such beliefs are counterproductive and subvert the intent of Rule 36. A defendant cannot simply "sit back and merely insist that plaintiff depose persons having knowledge" and expect their conduct to comply with Rule 36(a). *Diederich v. Dep't of Army*, 132 F.R.D. 614, 620 (S.D.N.Y. 1990). Good faith in discovery requires more than skimming

documents and offering factual and legal conclusions to support a failure to admit or deny requests for admissions.

In light of the foregoing, then, the Court will grant the plaintiff's motion and order the City defendants to amend their answers to the plaintiff's requests for admissions within fourteen (14) days of the entry of this order. While the plaintiff asks that the Court order the improperly answered requests admitted, such a harsh result is unwarranted at this juncture. As the Ninth Circuit has noted, a "district court should ordinarily first order an amended answer." *Asea*, 669 F.2d at 1247.

c.    Final Notes on Discovery

The Court finds it prudent to make clear to the parties that, going forward, the Court has "neither the time, nor the inclination to act as a referee to every discovery spat between the parties." *Collins v. Midwest Med. Records Ass'n*, No. 07-CV-437, 2009 WL 606219 at *58 (E.D. Wis. Mar. 9, 2009). The parties gain next to nothing and waste time and resources by "invoking the court to police discovery disputes" instead of working together, amicably, to resolve such disputes. *Mirbeau of Geneva Lake LLC*, 2009 WL 3347101 at *10.

2.    PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT

On September 10, 2014, the plaintiff filed a motion for leave to file a first amended complaint. (Docket #25). The "grounds for [the plaintiff's] motion are that, through discovery, the City [of Milwaukee]…disclosed a new document" that, according to the plaintiff, evidences that an additional Milwaukee Police Department ("MPD") employee's actions—specifically, an MPD captain's "unreasonable conduct"—contributed to the shooting death

of her two dogs. *Id.* at 1, 2. The plaintiff's amended complaint includes the MPD captain, Jutiki Jackson, as an additional defendant.

Thereafter, on September 23, 2014, the plaintiff filed a "supplemental" motion for leave to file a first amended complaint. (Docket #27). The plaintiff's "new" first amended complaint includes the modification discussed above and adds the following language: "To the extent that Mr. Cullen[5] might have any claims, causes of action, rights of recovery, or any entitlement to any other judicial relief relating to those dogs, Mr. Cullen has assigned those to Ms. Flint." (Docket #27-1). The plaintiff hoped that the addition of this claim assignment language—and, presumably, that the plaintiff executed the claim assignment *ab initio*—would resolve a "significant barrier to settlement" that was raised by the defendants during ongoing settlement negotiations. (Docket #27). To wit, that settling the case with Ms. Flint would not dispose of all potential claims against the defendants because Mr. Cullen was believed to be the owner of the dogs. *Id.*

The Court, in an effort to efficiently resolve this issue, ordered that any responses by the defendants to the aforementioned motions should be consolidated and filed with the Court not later than October 1, 2014. (Docket #28). The County and Deputy Jonas filed a response stating they did not object to the proposed amendments; the City defendants, however, did object, filing a consolidated response to the plaintiff's motions on October 1, 2014. (Docket #33).

---

[5]Terry Cullen is Ms. Flint's employer. (Docket #27 at 1).

The City defendants contend, in their response, that both of the plaintiff's proposed amendments are futile and thus "legally deficient," necessitating that the plaintiff's motions be denied. (Docket #33 at 2). Addressing the addition of Captain Jackson as a defendant, the City defendants argue that Captain Jackson's involvement, if any, in the death of the plaintiff's dogs was merely supervisory and "Section 1983 does not authorize 'supervisory liability.'" *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (citation omitted). Captain Jackson, according to the City defendants, merely "made a decision on the allocation of police resources," but did not "decide[] the manner in which those resources would be implemented [or] whether force would be employed against any of the dogs." (Docket #33 at 4). Plus, as the City defendants point out, Captain Jackson was not even on scene when the search warrant was executed. *Id.* at 2. The City defendants contend, in sum, that Captain Jackson's attenuated—and, wholly supervisory—role in the shooting death of the dogs is insufficient to sustain a Section 1983 cause of action against him.

The plaintiff's second proposed amendment—the assignment of claims—is opposed by the City defendants because, in their view, it is a post-lawsuit attempt to shore up the plaintiff's standing to bring this case. (Docket #33 at 5). The City defendants seem to argue, albeit quite disjointedly, that the plaintiff has failed to prove she had an ownership interest in the dogs and thus standing to bring the constitutional claims currently before the Court. *Id.* at 4-7. It is not clear from the City defendants' argument, however, why ownership and standing have any bearing on the futility of the plaintiff's amendment; or, as a more general matter, what substantive law the City defendants rely on for that conclusion. Truth be told, the City defendants'

argument is in some respects baffling; namely, the assignment of claims at issue would, in the Court's view, reduce the City defendant's overall liability—if any ultimately exists—for the death of the dogs because the assignment ensures a single case will resolve the entire matter.

The plaintiff timely replied to the City defendants' response in opposition on October 8, 2014. (Docket #35). Distilled to its essentials, the plaintiff's reply argues that: (1) the addition of Captain Jackson is not based on supervisory liability but "direct involvement in planning, ordering, condoning, and then covering up, an unreasonable use of deadly force"; and (2) the assignment of claims was proposed to facilitate settlement and not, as the City defendants argue, to "buttress standing." (Docket #35 at 1, 4). The Court will address each of plaintiff's proposed amendments to the complaint in turn.

Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to amend his or her complaint after the defendant has filed a responsive pleading if the defendant consents in writing or the court grants leave to amend. Courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 "reflects a liberal attitude towards amendment of the complaint." *Hackl v. Icon Health & Fitness, Inc.*, No. 08-CV-871, 2009 WL 1475502 at *1 (E.D. Wis. May 27, 2009) (internal quotation marks omitted). Applying Rule 15 liberally is also consistent with the federal rule policy which favors resolution of cases on the merits. *Id.* Despite the liberal attitude towards amending the pleadings, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgm't Co. v. Rooks, Pitts & Poust*, 290 F.3d 843,

849 (7th Cir. 2002). A proposed amendment is futile "only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2001)).

To determine whether it is prudent to allow the plaintiff to add Captain Jackson as a defendant, then, the Court must delve, at least to some degree, into the merits of the underlying excessive force claim.

Excessive force claims against police are governed by the "well-established principle of law that a defendant must have been 'personally responsible' for the deprivation of the right at the root of [the plaintiff's] § 1983 claim for that claim to succeed." *Backes v. Village of Peoria Heights*, 662 F.3d 866, 869 (7th Cir. 2011). Supervisory liability will not suffice. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (noting that "[t]he doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights."). Supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988). However, "a defendant need not 'participate directly in the deprivation' for liability to follow under § 1983." *Backes*, 662 F.3d at 869-70 (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)). Indeed, "[a] supervisor will rarely be directly and personally involved in the same way as are individual officers who are on the scene inflicting constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991). Yet the supervisor may still be

personally liable if "his participation . . . involve[d] the setting in motion of acts which cause[d] others to inflict constitutional injury." *Id.*

Applying the foregoing to the case at hand, the Court notes that it is definitely a close call as to whether the plaintiff's Section 1983 claim against Captain Jackson could survive a motion to dismiss (and, therefore, make the proposed amendment futile). Close as it may be, though, it would be imprudent— especially at this stage in the case— for the Court to deny the plaintiff's leave to amend the complaint and add Captain Jackson.

First, while the City defendants argue that Captain Jackson "simply made a decision on the allocation of police resources," this grossly oversimplifies the evidence and mischaracterizes Captain Jackson's conduct. To wit, the Milwaukee Police Department memo investigating Captain Jackson states that, despite being: (1) advised by an officer that the search warrant was misclassified as "low risk" because "'wolf-like' dogs could be present"; and (2) asked to dispatch an additional Tactical Enforcement Unit squad to remedy the problem, Captain Jackson directed the officers to proceed. (Docket #26-5 at 3) ("Captain [Jackson] denied the assistance of an additional squad and advised [the officers] to breach the door and clear the building..."). Moreover, the officer who ultimately shot the dogs "did not agree with Captain [Jackson's] assessment, and believe[d] that what he was instructed to do was outside of his [tactical] training." *Id.*

Consequently, Captain Jackson's conduct, one could reasonably argue, "involve[d] the setting in motion of acts which cause[d] others to inflict constitutional injury." *Larez*, 946 F.2d at 645. *Cf.. Hampton v. Hanrahan*, 600 F.2d 600, 627 (7th Cir. 1979) (permitting personal liability claims to proceed against attorneys who failed to properly supervise officers during execution

of raid and noting that it is the province of a jury "to determine whether the consequences of [a supervisor's actions] are foreseeable").

Second, and even assuming, *arguendo*, Captain Jackson's role was more attenuated, the liberal approach to Rule 15 alone warrants adding Captain Jackson as a defendant. Especially considering that: (1) the plaintiff only recently discovered Captain Jackson's role in the incident; and (2) discovery is still ongoing and has been contentious, *see supra*. Perhaps further discovery will shine light on the true nature and scope of Captain Jackson's role, perhaps not. Either way, the plaintiff has made a sufficient showing—at this stage in this case—to be given the opportunity to proceed against Captain Jackson. Granting the plaintiff's motion also accords with the Rule 15 policy preference that cases be resolved on the merits.

In light of the foregoing, the Court will grant the plaintiff's first motion for leave to amend the complaint and allow Captain Jackson to be added as a defendant.

Turning to the second proposed amendment, the Court finds that the City defendants have failed to establish that adding the assignment of claims language would be futile. As the Court noted above, the City defendants' sole argument against the proposed amendment—that it is a backdoor attempt to bolster standing—is both befuddling and without merit. Despite the City defendants' wrangling to the contrary, the Court can find no evidence that the plaintiff's request to add the assignment of claims language is anything other than a good faith attempt to facilitate settlement between the parties. As such, the Court declines to belabor the point further. The Court will grant the plaintiff's supplemental motion for leave to amend the complaint.

Accordingly,

IT IS ORDERED that the plaintiff's motion to compel discovery (Docket #30) be and the same is hereby GRANTED in part and DENIED in part; the City defendants shall provide documentation to the plaintiff that all City defendants have agreed, on the record, to be bound by the answers submitted to the plaintiff, and do so within seven (7) days of the entry of this order;

IT IS FURTHER ORDERED that the plaintiff's motion to determine sufficiency of admissions (Docket #31) be and the same is hereby GRANTED; the City defendants shall amend their answers to the plaintiff's requests for admissions within fourteen (14) days of the entry of this order; and

IT IS FURTHER ORDERED that the plaintiff's motions for leave to file an amended complaint (Docket #25, #27) be and the same are hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge