UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANE FLINT,<br><br>                            Plaintiff,<br>v.<br><br>THE CITY OF MILWAUKEE,<br>PHILLIP C. SIMMERT, PAUL FELICIAN,<br>KENNETH DAUGHERTY,<br>ANDREW MOURTY, and<br>JUTIKI JACKSON,<br><br>                            Defendants. | Case No. 14-CV-333-JPS<br><br><br><br>ORDER |

      The plaintiff filed a motion for reconsideration of the Court's order denying the plaintiff summary judgment on her unlawful detention claim. (Docket #93). On March 25, 2015, the Court issued an order requiring that the City defendants file a response to the plaintiff's motion within five days. (Docket #94). The City defendants did so on March 30, 2015. (Docket #99). Accordingly, this matter is ripe for adjudication. For the reasons that follow, the motion will be denied.

      To start, the Court notes that the plaintiff's motion could properly be denied based on the plaintiff's failure to follow Civil Local Rule 7(a), which requires that "[e]very motion must state the statute or rule pursuant to which it is made…" Nowhere in the plaintiff's motion does it state which Federal Rule of Civil Procedure the motion is brought under. Nor does the plaintiff state the legal standard applicable to motions for reconsideration. In addition, the plaintiff reapplies her findings of fact to the law she cited in her motion for summary judgment, instead of applying the *legal standard for a motion for reconsideration* to the Court's findings in its summary judgment order. Notwithstanding the foregoing, the Court will proceed to the merits of the plaintiff's motion for reconsideration.

As the Seventh Circuit has stated:

> A motion for reconsideration performs a valuable function where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. *Such problems rarely arise and the motion to reconsider should be equally rare.*"

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (emphasis added).

Thus, motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *see also Rothwell Cotton Co. v. Rosenthal Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting language in *Keene*). A party moving for reconsideration "must demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the [moving party] which, if left unredressed, would result in a clear error or cause manifest injustice." *Metro. Entm't Co., Inc. v. Koplik*, 25 F. Supp. 2d 367, 368 (D. Conn. 1998) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Consequently, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale*, 90 F.3d at 1270. Or, as the First Circuit put it, reconsideration is not the "mechanism to regurgitate 'old arguments previously considered and rejected.'" *Bitcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014); *see Assassination Archives*

*& Research Center v. C.I.A.*, 48 F. Supp 2d 1, 13 (D.D.C. 1999) ("As this Court has held before, a 'motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled…'") (quoting *Amoco Prod. Co. v. Fry*, 998 F. Supp. 991, 994 (D.D.C. 1995), *rev'd on other grounds*, 118 F.3d 812 (D.C. Cir. 1997)); *Sequa Corp.*, 156 F.3d at 144 (noting that reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits").

Having set out the standard for a motion for reconsideration, it is clear that the plaintiff's motion must be denied. The plaintiff has not cited any intervening change in the law, an erroneous application of the law, or newly discovered evidence that would compel the Court to reconsider its decision. At bottom, the plaintiff merely rehashes arguments she made at the summary judgment stage suggesting that the Court will reach a different result. The Court finds no reason to do so.

In addition, to the extent that the plaintiff argues that the Court misapplied the law by "evaluat[ing] her unreasonable detention claim as if it was a false arrest claim" (Docket #93 at 1), she misapprehends the Court's order denying her summary judgment on the unlawful detention claim. The Court merely stated in its order that one factor the jury must consider when determining whether her detention was unreasonable is whether the City defendants had probable cause to arrest *and detain* her for a felony violation of Wis. Stat. § 951.02. And, if the jury found—viewing the facts objectively—that there was probable cause for a felony violation, they might also "find the length of Flint's detention reasonable." (Docket #92 at 52).

But, the Court went on to state that even if the jury found the City defendants did have probable cause to detain her on a felony charge, the plaintiff "has shown…sufficient facts…to find the *Riverside* 48-hour presumption of reasonableness rebutted." *Id.* at 51. And, the Court concluded

by stating that a jury could also find "that the City defendants lacked probable cause to arrest and detain Flint on the felony animal mistreatment charge" which could result in the jury finding "the unreasonableness of the …delay[]…more significant." *Id.* at 52.

Nowhere in the foregoing, or in the order *writ large*, did the Court state that the standard for false arrest governed the plaintiff's unlawful detention claim. On the contrary, the section entitled "Legal Standard for Unlawful Detention" cites a litany of unlawful detention cases (and not false arrest cases), not the least of which are the Supreme Court's two seminal cases on the issue: *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Moreover, the Court identified, more than once, that regardless of what charge the plaintiff was detained on, her detention would be unreasonable if the jury found that any of the delays she experienced were "to shore[] up [her] arrest," use her "as leverage against Cullen," or investigate "other uncharged crimes against her or Cullen." (Docket #92 at 51). These factors have absolutely nothing to do with the standard for false arrest, but are derived directly from *Riverside*, *Gerstein,* and *Willis v. City of Chicago*, 999 F.2d 284 (7th Cir. 1993). Indeed, the Court's order is littered with references to the reasonableness of the length of the plaintiff's detention, the reasonableness standard that sounds in the law of unlawful detention, not false arrest. And, lest there be any doubt, the Court also notes that the plaintiff fails to cite a single case that even implies that the Court's analysis was improper.

In light of the foregoing, the Court will deny the plaintiff's motion for reconsideration (Docket #93). The Court does note that the issues the plaintiff raises in her motion for reconsideration can properly be addressed by fashioning appropriate jury instructions. Indeed, it is the jury instructions the parties submit that will define the metes and bounds of the issues to be

presented to the jury. The plaintiff admits as much later in her motion. *See id.* at 12.

The Court now turns to the City defendants' brief in opposition to the plaintiff's motion to resolve one final matter. In their brief, the City defendants argued that the plaintiff failed to meet her burden because she was "simply restat[ing] arguments originally presented and…asking the Court to change its mind" (Docket #99 at 5), when it was clear that the Court had: (1) "reviewed the unlawful detention claim using the proper legal standard"; and (2) "considered [the] plaintiff's argument for summary judgment on the unlawful detention claim based on the law cited, and rendered its decision." *Id.* at 2. The City defendants concluded their argument by stating that: "Seeking reconsideration simply because a party did not get a favorable ruling is not a proper rationale for such a motion, and for this reason, the Court should deny plaintiff's motion for reconsideration." *Id.* at 5. In light of the discussion above, the Court obviously agreed.

It is incredible, then, that the City defendants—not one paragraph later— also ask the Court for reconsideration of the unlawful detention claim. *Id.* Incredible, that is, because after decrying the plaintiff's attempt to rehash arguments from the summary judgment stage without presenting any new evidence, new law, or anything new whatsoever, the City defendants do the *exact same thing.* The City defendants' request will not be entertained for the same reasons that the plaintiff's motion was denied. *See Weinstock v. Wilk*, No. 02-CV-1326, 2004 WL 367618, at *1 (D. Conn. 2004) (noting that motions for reconsideration are not to be used as "a second bite at the apple for a party dissatisfied with a court's ruling.") (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).

Accordingly,

IT IS ORDERED that the plaintiff's motion for reconsideration (Docket #93) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge